USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARA L. DADDIO,

        Plaintiff,

- against -

BERNARD B. KERIK,

        Defendant.

REPORT AND RECOMMENDATION

15-CV-5497 (JGK) (RLE)

**TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:**

## I. INTRODUCTION

This case was filed on July 15, 2015, and Attorney Autondria S. Minor ("Minor") was counsel of record for Plaintiff Dara L. DAddio ("DAddio"). (Doc. Nos. 1, 3.) On January 19, 2016, Minor filed a letter informing the court of her intention to file a motion for leave to withdraw as counsel. (Doc. No. 71.) On January 25, 2016, Minor's application to withdraw as counsel was granted. (Doc. No. 75.) Minor filed a motion for writ of retaining lien on behalf of her law firm, Schmeiser, Olsen & Watts LLC ("Schmeiser Olsen"), on February 22, 2016. (Doc. Nos. 77, 79.) On April 12, 2016, Minor filed an affidavit in support of the motion. (Doc. No. 83, Aff. of Attorney Autondria Minor ("Aff.").) DAddio did not file an opposition. On August 8, 2016, the motion was referred to the undersigned for a Report and Recommendation. (Doc. No. 93.)

For the following reasons, I recommend the motion for writ of retaining lien be **GRANTED** against DAddio's property and papers, and in the fixed amount of **$43,894.29**.

## II. BACKGROUND

On June 25, 2015, DAddio entered into a Retainer Agreement ("Agreement") with Schmeiser Olsen as counsel. (Aff. at Ex. 1.) The Agreement states that DAddio "will be

invoiced by [Schmeiser Olsen] on an hourly basis predicated upon the attorney's prevailing hourly rate. Current hourly rates range from a maximum of $485.00 per hour for a senior partner." (Aff. at 3.) DAddio agreed to dispute or pay within thirty days of receiving an invoice. *Id.* The Agreement also states that Schmeiser Olsen "shall have a lien for attorney's fees and/or costs advanced on behalf of the Firm's supporting representation of the Client under this agreement on all funds obtained by judgment, settlement or arbitration award payable to [DAddio]." (*Id.* at 4.)

On July 15, 2015, DAddio's Complaint was filed, with twenty-five exhibits attached. (Doc. No. 1.) DAddio is seeking declaratory judgment under the Copyright Act and the Declaratory Judgment Act, alleging co-authorship and co-copyright of the book *From Jailer to Jailed: My Journey from Correction and Police Commissioner to Inmate #84888-054*. *Id.* DAddio also seeks equitable relief, including past and on-going royalties. *Id.* On October 19, 2015, an Amended Complaint was filed. (Doc. No. 15.) Later, Defendants Victoria Sanders & Associates, LLC, Hala Kerik, and Simon & Schuster, Inc. were voluntarily dismissed without prejudice. (Doc. Nos. 47, 48, 72.) Defendant Bernard B. Kerik remains.

On January 19, 2016, Minor filed a letter of intent to file a motion for leave to withdraw as counsel, and sought permission to file reasons for withdrawal under seal. (Doc. No. 71.) On January 26, 2016, Minor's motion to withdraw was granted, and the case was temporarily stayed to allow DAddio to retain a new lawyer. (Doc. No. 75.) DAddio's application for the appointment of pro bono counsel was denied without prejudice. *Id.*

On February 22, 2016, Minor filed a motion for writ of retaining lien on behalf of Schmeiser Olsen as to DAddio, and an accompanying memorandum of law. (Doc. Nos. 77; 79.) On April 12, 2016, Minor filed an affidavit in support of the motion. (Doc. No. 83.) Schmeiser

Olsen argues that it is entitled to a retaining lien because DAddio failed to pay outstanding invoices, even after receiving reminders, and the firm was discharged without cause. (Doc. No. 79.)

On April 25, 2016, DAddio filed a letter informing the Court that she does not have "the funds to pay a private attorney," is under the care of a physician with limited ability "to be a viable" *pro se* Plaintiff, and is the defendant in two pending criminal cases. (Doc. No. 85.) DAddio also filed a request for appointment of pro bono counsel and attached an application to proceed *in forma pauperis* under seal. The Honorable John G. Koeltl denied her request. (Doc. No. 75.)

On February 14, 2017, the Court mailed and electronically filed an Order granting DAddio ten days to oppose Schmeiser Olsen's motion for writ of retaining lien, nearly one year after the motion was filed. (Doc. No. 94.) The Order also informed DAddio that if she failed to file an opposition the Court would consider the motion fully briefed. *Id.* No opposition was filed.

### III. DISCUSSION

**A. Standards for Granting a Retaining Lien, and at a Fixed Amount**

New York cases recognize "a distinct common law 'retaining lien' that allows withdrawing counsel to retain pleadings and other documents in counsel's possession until counsel is paid for his or her work." *Bijan Karimian v. Time Equities, Inc.*, 10cv3773 (AKH) (JCF), 2011 WL 1900092, at *6 (S.D.N.Y. May 11, 2011) (citing *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311). This common law retaining lien is recognized and followed in federal courts unless a specific federal law alters the parties' rights. *Allstate*, 258 F. Supp. 2d at 311. The decision to fix a retaining lien lies within the discretion of the district court. *Katz v. Image*

3

*Innovations Holdings, Inc.*, 06cv3707 (JGK), 2009 WL 1505174, at *2 (S.D.N.Y. May 27, 2009) (citing *Allstate*, 258 F. Supp. 2d at 311).

When deciding to grant a motion for writ of retaining lien, courts consider whether counsel has withdrawn for cause. Counsel who is granted leave to withdraw by the court is not discharged for cause. "Discharge on account of personality conflicts, misunderstandings or differences of opinion having nothing to do with any impropriety by the lawyer, does not amount to discharge for cause." *Kovach v. City Univ. of N.Y.*, 13cv7198 (LGS), 2015 WL 3540798, at *6 (S.D.N.Y. June 4, 2015) (citing *Gurry v. Glaxo Wellcome, Inc.*, 98cv6243 (DC), 2000 WL 1702028 at *2 (S.D.N.Y. Nov. 14, 2000)) (internal quotations omitted). Courts typically find a discharge "for cause" where there has been a significant breach of legal duty. *Id.* (citing *Allstate*, 258 F. Supp. 2d at 312).

Additionally, courts consider the impact of withholding the property and papers of a former client. "In the absence of exigent circumstances (such as papers essential to the defense of a criminal charge, or the client's indigency), under either New York or federal law, counsel should not be required to release papers that are subject to a retaining lien before counsel's fees are paid or at least secured." *Callaway Golf Co. v. Corp. Trade, Inc.*, 10cv1676 (GBD) (JCF), 2011 WL 2899192, at *4 (S.D.N.Y. July 6, 2011) (*see Allstate*, 258 F. Supp. 2d at 312; *Rivkin v. A.J. Hollander & Company, Inc.*, 95cv9314 (DAB) (AJP), 1996 WL 633217, at *3 (S.D.N.Y. Nov. 1, 1996)). Indeed, "[t]he Second Circuit has held that, absent exigent circumstances, it is an abuse of discretion to require withdrawing counsel to turn over papers subject to a lien without conditioning it on payment or posting security for payment of outstanding legal fees." *Taub v. Arrayit Corp.*, 15cv1366 (ALC) (JLC), 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016) (*see Allstate*, 258 F. Supp. 2d at 312; *Casper v. Lew Lieberbaum & Company, Inc.*,

97cv3016 (JGK) (RLE), 1999 WL 335334, at *8 (S.D.N.Y. May 24, 1999)). Limited exceptions to this rule are observed in situations where the client demonstrates their inability to pay or a conditional fee arrangement was entered into. *Allstate*, 258 F. Supp. 2d 309, 312; *see Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, 13cv4348 (JMF), 2015 WL 1097342, at *7 (S.D.N.Y. Mar. 12, 2015) (quoting *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983)).

Lastly, courts consider the appropriate amount of a fixed lien, by analyzing factors "including (1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the results obtained." *Taub*, 2016 WL 4146675, at *3 (quoting *Katz*, 2009 WL 1505174, at *2).

### 1. Fixing a Retaining Lien is Appropriate

Minor stated that withdrawal was "based on tactical strategies and fee payment disputes." (Aff. at 2.) DAddio paid a retainer of $5,000 at the time of the Agreement in June of 2015. *Id.* From September 2015 through January 2016, DAddio failed to pay invoices and replenish the retainer fund. (*Id.* at Exs. 3, 8, 12.) The Agreement puts DAddio on notice that failure to remit payment can result in withdrawal of counsel. (*Id.* Ex. 1 at 2.) New York State Rule of Professional Conduct 1.16(c)(5) states "a lawyer may withdraw from representing a client when … the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Schmeiser Olsen provided DAddio with several invoices and reminders prior to filing a motion to withdraw as counsel. (Aff. at Exs. 11, 12.) On January 25, 2016, Minor's undisputed motion to withdraw as counsel was granted. (Doc. No. 75.)

There is no showing that Schmeiser Olsen violated any legally or professionally imposed duty in regard to DAddio, and DAddio did not oppose the motion to withdraw. (Doc. No. 91, Tr.

5

of Jan. 25, 2016 Conf. ("Tr.").) Based upon the facts presented to the Court, it is clear that Schmeiser Olsen was not discharged for cause.

Additionally, no exigent circumstances have been demonstrated. The underlying case is a civil matter and DAddio did not enter into a conditional fee arrangement. On January 12, 2016, DAddio gave a $5,000 check to Schmeiser Olsen, which is the amount to replenish the retainer. (Aff. at Ex. 8.) Soon after, she stopped payment on the check. *Id.* Minor's affidavit indicates that DAddio "made meritless excuses for non-payment of bills." (Aff. at 2.)

DAddio has indicated that she can no longer afford a private attorney, (Doc. No. 85.), and requested the appointment of pro bono counsel. DAddio, however, has not made a clear showing that she is unable, rather than unwilling, to pay fees or post security for payment of fees. I recommend that Schmeiser Olsen's request for a retaining lien be **GRANTED**.

**2. The Retaining Lien Should Be Fixed at $43,894.29**

Schmeiser Olsen submitted affidavits and itemized billing statements to support their request that a retaining lien be fixed at an amount of $54,541.83. (Aff. at Exs. 3-7, 10-13.)

Minor has been a member of the New York State bar since 2005, a partner at Schmeiser Olsen since 2009, and has an hourly billing rate of $425. (*Id.* at 3.) Minor's hourly rate is within the acceptable range in the Southern District of New York. *See Katz*, 2009 WL 1505174, at *2 (citing *Takeda Chem. Indus. v. Mylan Laboratories, Inc.*, 03cv8253 (DLC) and 04cv1966 (DLC), 2007 WL 840368 at *10-11 (S.D.N.Y. Mar. 21, 2007).)

In addition to assessing Minor's hourly rate, the Court reviewed the billing records. Schmeiser Olsen billed approximately 231 hours without payment—204 of which were partner hours. (Aff. at Ex. 10.) The invoices suggest extensive research for the initial and amended complaint, defense against counterclaims, and preparation of initial disclosures, in addition to

6

engaging in settlement discussions and drafting proposed settlement agreements. (Aff. at Exs. 4-7, 13.) Approximately $1,700 in costs is attributed to printing, scanning, mailing, photocopying, and Westlaw research expenses. *Id.*

The Court has categorized the billing statements as follows: (1) reviewing the case file, local rules, and laws; (2) communication with client, opposing counsel, law firm personnel, and technical tasks; (3) appearances and court filings; and (4) research and drafting pleadings and defenses, discovery responses, stipulations, and settlement agreements.

Majority of the hours billed, approximately sixty-six percent (66%), fell within categories three and four. Although the Court found the number of hours expended in this case excessive, it is clear that many of the hours were spent to litigate the case. Additionally, many of the invoices reflect a fifty percent "Client Courtesy Discount." (*Id.* at Exs. 4, 5, 7, 13.)

It is within the Court's discretion to reduce attorneys' fees, either through a reduction to an individual entry or an across-the-board percentage reduction. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997) (citation omitted). Here, Minor has reduced her rate for several invoices. The Court finds that the fifty percent reduction on the invoices appropriate, and recommends a comparable cut to the invoice dated November 30, 2015, (Aff. at Ex. 6.), which is the only invoice without the discount. The Court also notes that the invoice dated February 18, 2016, (Aff. Ex. 13.), was not included in Schmeiser Olsen's final calculation.

Given these determinations, I recommend a retaining lien be fixed in the amount of **$43,894.29**.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Schmeiser Olsen's request for a retaining lien be **GRANTED**, and fixed in the amount of **$43,894.29**.

The parties shall have fourteen days (14) from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable John G. Koeltl, 500 Pearl Street, Room 1030, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 1970, New York, New York 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: June 6, 2017.**
**New York, New York**

                                                **Respectfully Submitted,**

                                                */s/ Ronald L. Ellis*
                                                **The Honorable Ronald L. Ellis**
                                                **United States Magistrate Judge**