UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARA L. D'ADDIO,

                Plaintiff,        15cv5497 (JGK)

      - against -            MEMORANDUM OPINION AND ORDER

BERNARD B. KERIK,

                Defendant.

JOHN G. KOELTL, District Judge:

    This Court has previously found that the defendant and counterclaim plaintiff, Bernard B. Kerik, is entitled to a default judgment dismissing the complaint of the Plaintiff and counterclaim defendant, Dara L. D'Addio, with prejudice and granting a default judgment against D'Addio on Kerik's counterclaims. Dkt. No. 137. The Court referred the case to Magistrate Judge Aaron for an inquest on damages and any recommendation as to injunctive relief. Magistrate Judge Aaron issued a Report and Recommendation dated September 6, 2019 that recommended that no damages be imposed but that D'Addio be ordered to remove two false and defamatory blog posts. Dkt. No. 140. No objections have been filed and the time for objections has passed. In any event, the Court finds that the Report and

1

Recommendation are generally well reasoned and should be adopted.[1]

Therefore, the Court directs the Clerk to issue a final judgment dismissing all of the plaintiff's claims in this action with prejudice, and granting a judgment in this action to the defendant, Kerik, against the plaintiff, D'Addio, on the defendant's counterclaims. The plaintiff is directed to remove the blog posts dated April 15, 2015, and October 10, 2015 described in paragraphs 24(i) and 24(k) of the counterclaims. No damages or costs are to be awarded in this action.

---

[1] The Court adopts the Report and Recommendation, but adds the following notes. On page 6 of the Report and Recommendation, in explaining the law governing permanent injunctions with respect to libel in light of the First Amendment, the Report and Recommendation states that "the same concerns [that are present when future communications are permanently enjoined] do not apply to the blog posts that Daddio previously has posted." The distinction drawn in the Report and Recommendation between impermissible prior restraints and permissible limited injunctions to remove already published, defamatory or otherwise unlawful publications is well founded. See, e.g., Rose v. Levine, 830 N.Y.S.2d 732, 734 (App. Div. 2007) (approving an injunction insofar as it would remove existing websites and disapproving the injunction insofar as it would enjoin future publications); Doe v. Roe, 345 N.Y.S.2d 560, 561-62 (App. Div. 1973) (upholding an injunction by a patient against her psychotherapist to prevent the further distribution of an already published book), aff'd 33 N.Y.2d 902, cert. dismissed as improvidently granted 420 U.S. 307 (1975). Although the Court of Appeals for the Second Circuit has held "that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases," Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001), narrow injunctions that apply to unprotected speech, such as defamation, may issue. See Ferri v. Berkowitz, 561 F. App'x 64, 65 n.2 (2d Cir. 2014). The injunction in this case is narrow and aimed at unprotected, already-published defamatory speech. For the reasons set out in the Report and Recommendation, the injunction is appropriate.

Because all of the claims in this action as to all of the parties have been resolved, the Clerk is directed to close this action and to close any pending motions.

**SO ORDERED.**

Dated:  New York, New York
        October 1, 2019

_____
John G. Koeltl
United States District Judge